

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:12-CR-88 |
| | § | |
| JOVANNY RUBIO RUBIO | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Jovanny Rubio Rubio, violated conditions of supervised release imposed by United States District Judge Melinda Harmon of the Southern District of Texas. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on April 9, 2013, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his

supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a.  That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.  That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On August 28, 2009, the Honorable Melinda Harmon of the Southern District of Texas sentenced the defendant after he pled guilty to the offense of illegal reentry by a previously deported alien after a felony conviction, a Class C felony. Judge Harmon sentenced Jovanny Rubio Rubio to 24 months imprisonment, followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include deportation and a $100 special assessment. On February 11, 2011, Jovanny Rubio Rubio completed his period of imprisonment and was deported to Mexico on February 22, 2011.

On September 6, 2012, jurisdiction in this case was transferred to the Eastern District of Texas. The proceeding is assigned to the docket of United States District Judge Marcia A. Crone.

**B. Allegations in Petition**

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state or local crime.*

Specifically, on or about March 2, 2012,[1] Jovanny Rubio Rubio was arrested by U.S. Marshals in Beaumont, Texas, for the offense of conspiracy to possess with intent to distribute a controlled substance. On April 14, 2012, Mr. Rubio was indicted by a Grand Jury in the Eastern District of Texas, Beaumont, Texas, Cause Number 1:12CR-00018.

**C. Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. If the case proceeded to a contested hearing, the Government would establish that upon his release from the Bureau of Prisons in this case, he was subject to supervised release conditions which included a condition that he shall not commit another federal or state crime. The Government would also offer evidence showing that on March 2, 2012, Mr. Rubio was arrested for the offense of conspiracy to possess with intent to distribute a controlled substance. The evidence would show that Mr. Rubio pled guilty to this crime and was subsequently sentenced and convicted on April 4, 2013.

Defendant, Jovanny Rubio Rubio, offered a plea of true to the allegations. Specifically, he agreed with the evidence presented and pled true to the allegation that he committed a new federal crime in violation of his supervision conditions.

---

[1] At the hearing, the parties stipulated that the petition includes a clerical error regarding the actual arrest date. The parties agreed that March 2, 2012, is the correct date of Mr. Rubio's arrest.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by committing the new federal crime of conspiracy to possess with intent to distribute a controlled substance.

If the Court finds that Mr. Rubio violated his supervision conditions in the manner stated above, this will constitute a Grade A violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade A violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of V and the Grade A violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 30 to 37 months. *See* U.S.S.G. § 7B1.4(a). However, because the original offense of conviction in this case was a Class C felony, the statutory maximum imprisonment term upon revocation is two years and the maximum term of imprisonment is accordingly capped at 24 months. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[2], the Court may impose a greater or lesser sentence upon revocation. *United States v.*

---

[2] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he committed a new federal crime in violation of his supervision conditions. Mr. Rubio voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing*.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **24 months imprisonment**, to run **consecutively** to the term of imprisonment imposed against Rubio for the new conviction in cause number 1:12-CR-18[3], adjudicated here in the Eastern District of Texas. The Court further recommends that no further supervision be

---

[3]U.S.S.G. § 7B1.3(f) suggests that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." The Fifth Circuit has noted the consecutive sentence preference under the Guidelines, especially when the defendant is currently serving a term of imprisonment for the same conduct made the basis of the revocation. *See United States v. Perez-Rodriguez*, No. 11-50149, 2011 U.S. App. LEXIS 19721, 2011 WL 4448746 at *2 (5th Cir. Sept. 27, 2011), *cert. denied* 181 L. Ed. 2d 1006 (2012) (citing 18 U.S.C. § 3584; *United States v. Gonzalez*, 250 F.3d 923, 929 n.8 (2001); U.S.S.G. § 7B1.3(f) and comment (n.4); *United States v. Ramirez*, No. 06-11323, 264 F. App'x 454, 458-59 (5th Cir. Feb. 4, 2008)).

imposed in this case.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 10th day of April, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE